# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:08-cr-00126-RLH-PAL |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Vacate–#155) |
| ) | |
| NAJEEB RAHMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant Najeeb Rahman's **Motion to Vacate under 28 U.S.C. § 2255** (#155, filed Dec. 7, 2011). Rahman seeks to withdraw his guilty plea. The Court has also considered Plaintiff the United States of America's Opposition (#157, filed Jan. 9, 2012), and Rahman's belated Reply (#164, filed Apr. 5) in which he seeks an extension of time to file an "appropriate" Reply.

On January 12, 2010, a grand jury returned a six-count Second Superseding Indictment, charging Rahman with (1) one count of fraudulent transactions with access devices issued to others; (2) one count of aggravated identity theft; (3) one count of wire fraud, and aiding and abetting; (4) two counts of bank fraud, and aiding and abetting; and (5) one count of aggravated identity theft. On January 22, Rahman pled guilty to counts one and two pursuant to a written plea agreement. (Dkt. #95, Plea Memorandum).

Pursuant to the plea agreement, Rahman waived his right to appeal any aspect of his conviction. (*Id.*). He also waived his right to bring any collateral challenge to his conviction, including a § 2255 motion. (*Id.*). Rahman subsequently filed a motion to withdraw his guilty plea, which the Court denied. (Dkt. #123, Minutes of Proceedings). On May 26 and June 4, the Court held a sentencing hearing in which the Court sentenced Rahman to a term of 72 months of imprisonment, to be followed by three years of supervised release. (Dkt. #128, Judgment). The Court also ordered Rahman to pay $57, 426.87 in restitution to the victims his crimes. (*Id.*).

Rahman claims the Court improperly denied Rahman's attorney another extension of his sentencing hearing, preventing Rahman's attorney from being fully prepared for the hearing. Consequently, Rahman argues, the Court prevented defense counsel from addressing various issues, including Rahman's desire to withdraw his guilty plea, the calculation of financial loss, and the information contained in the pre-sentence report.

The Court denies Rahman's motion for a few reasons. First, the Court granted Rahman a continuance of his sentencing hearing on May 4, giving him an additional two and a half weeks to prepare for the sentencing hearing. (Dkt. #121, Minute Order). Then, after an evidentiary sentencing hearing was held on May 26, the Court continued Rahman's actual sentencing to June 4. (Dkt. #125, Minutes of Proceedings). Rahman and his attorney had ample time to prepare for his sentencing.

Second, Rahman knowingly waived his right to appeal his conviction, and the Ninth Circuit held that this waiver extends to this Court's denial of his subsequent motion to withdraw his guilty plea. The Ninth Circuit's holding, therefore, precludes Rahman from attempting to relitigate this issue in this § 2255 motion. *Davis v. United States*, 417 U.S. 333, 342 (1974) (if an issue has already been decided on direct appeal from a conviction, it cannot be relitigated again in a § 2255 motion unless there is an intervening change in the law).

Third, with respect to the other issues Rahman raises in his motion, the Court finds that Rahman waived his right to raise these issues in a § 2255 motion when he pled guilty. (Dkt.

AO 72
(Rev. 8/82)

#95, Plea Memorandum). In addition, because Rahman did not raise these issues on appeal they cannot be raised in a § 2255 motion, unless Rahman can demonstrate cause or prejudice for not raising them. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). The only cause cited by Rahman for his failure to raise these issues on appeal is the fact that he waived his right to appeal any aspect of his conviction as part of his plea agreement. Yet his waiver did not prevent him from appealing the denial of his motion to withdraw his guilty plea. Thus, Rahman has not demonstrated cause. In addition, Rahman points to no evidence, or makes any arguments for that matter, that demonstrate prejudice. Therefore, for the foregoing reasons, the Court denies the motion.

Finally, the Court denies Rahman's request for another extension of time to file an "appropriate" reply to the United States' opposition. The Court previously granted Rahman an additional three weeks to file a Reply and in doing so the Court made it clear that no further extensions would be allowed. Rahman has had ample time to respond to the United States' opposition. Thus, the Court denies his request and no further filings will be considered in addressing this motion.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Rahman's Motion to Vacate (#155) is DENIED.

IT IS FURTHER ORDERED that Rahman's request for an extension of time to file a reply is DENIED.

Dated: April 10, 2012

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)